IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARL OLIVER, § | | |
|     PLAINTIFF, § | | |
| § | | |
| V. § | | CASE NO. 3:23-CV-137-L-BK |
| § | | |
| PENNYMAC LOAN SERVICES, LLC, § | | |
|     DEFENDANT. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 15, this case has been referred to the undersigned United States magistrate judge for findings and a recommended disposition on Defendant's *Motion to Dismiss*, Doc. 14. For the reasons that follow, the motion should be **GRANTED**.

**I. PROCEDURAL HISTORY**

In December 2022, Plaintiff filed this counseled action in state court for breach of contract and negligent misrepresentation, seeking to enjoin Defendant from foreclosing on the property located at 706 W. Five Mile Parkway, Dallas. Texas 75224 (the "Property"). Doc. 1-4 at 3-5. In short, Plaintiff alleges that he is an heir to the Property's former owner and (1) Defendant's notices of default and acceleration of the Note securing the Property were defective, and (2) Defendant misrepresented Plaintiff's loss mitigation options. Doc. 1-4 at 3.

The state court judge temporarily restrained Defendant from selling the Property, finding that Plaintiff was an owner of the Property "by virtue of being an heir." Doc. 1-6. After answering Plaintiff's petition, Defendant removed the action to this Court based on diversity

jurisdiction and now moves to dismiss this case for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. 1 at 3-5; Doc. 14.

## II.  APPLICABLE LAW

Although the motion invokes Rule 12(b)(6), because Defendant filed an answer in state court prior to removing the case, the Court construes the motion as one filed under Federal Rule of Civil Procedure 12(c).  *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (holding that a court may construe an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings).  A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quotation marks and citation omitted).  "[T]he central issue is whether, in the light most favorable to the plaintiff, the petition states a valid claim for relief." *Id.* (quotation marks and citation omitted).  The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6).  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted).

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation marks and citation omitted).  A court ruling on a Rule 12(c) motion may rely on the

complaint and documents properly attached to the complaint or incorporated therein by reference. *Great Plains Tr. Co.*, 313 F.3d at 313.

### III. ANALYSIS

Defendant argues that Plaintiff lacks standing to bring this suit as he is not a party to either the Note or Deed of Trust encumbering the Property and has alleged no facts showing he is in privity with those agreements, which are attached to Defendant's motion. Doc. 14 at 4-5; Doc. 14-1 (Note); Doc. 14-2 (Deed of Trust). Further, as Plaintiff is simply an heir to the former owner, Defendant contends neither the loan documents nor applicable law entitled him to receive the notices he claims were defective. Doc. 14 at 5-6.

Plaintiff responds that he has adequately alleged he had a contractual right as an "owner" of the Property to receive proper notices pertaining to the alleged default on the Note under both the loan documents and the Texas Property Code. Doc. 20 at 1-4. Further, Plaintiff alleges that since he did not receive such notice or an opportunity to cure, Defendant breached the notice provisions in the loan documents. Doc. 20 at 2. Finally, Plaintiff asserts this Court should not consider Defendant's exhibits because doing so will effectively convert the dismissal motion into a motion for summary judgment. Doc. 20 at 3.

As an initial matter, the Court can and does consider Defendant's exhibits because Plaintiff incorporated them into the complaint by reference. *See Great Plains Tr. Co.*, 313 F.3d at 313. Here, the Note was signed by Earl Oliver, Jr., as the sole borrower, in August 2003. Doc. 14-1 at 2, 5. Both Earl Oliver, Jr. and his wife Raven Oliver signed the Deed of Trust as borrowers, and that agreement only requires notices of default, acceleration, and sale be provided to them. Doc. 14-2 at 2, 11. The Texas Property Code similarly provides that only "debtors" are entitled to such notices. *See* TEX. PROP. CODE §§ 51.002(b)(3), (d), (i).

3

Generally, "the benefits and burdens of a contract belong solely to the contracting parties, and 'no person can sue upon a contract except he be a party to or in privity with it.'" *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (citation omitted). This principle, sometimes referred to as contractual standing, has frequently been applied in the foreclosure context. *See, e.g., Coleman-Allen v. Select Portfolio Serv., Inc.*, No. 3:19-CV-0366-M-BH, 2020 WL 959796, at *5-6 (N.D. Tex. Feb. 3, 2020) (Ramirez, J.) (finding that the contracting party's successor-in-interest had standing to enforce the note but another non-signatory lacked standing), *adopted by* 2020 WL 955618 (N.D. Tex. Feb. 26, 2020) (Lynn, C.J.); *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 571 (S.D. Tex. 2012) (finding that non-signatory spouse lacked standing), *aff'd*, 534 F. App'x 266 (5th Cir. 2013) (per curiam); *see also Kirby Lumber Corp. v. Williams*, 230 F.2d 330, 332-33 (5th Cir. 1956) ("The only proper parties to a suit to foreclose a mortgage are the mortgagor and mortgagee and those whose interests have been acquired subsequently to the date of the mortgage.").

Here, Plaintiff is neither a signatory to the Note or Deed of Trust nor is he a debtor within the meaning of the Texas Property Code. As such, he was not entitled to receive notices under the terms of those documents or Texas law. Because he lacks standing to bring his breach of contract claim, it should be dismissed.[1] *See First Bank*, 519 S.W.3d at 102; *Kiper*, 884 F. Supp. 2d at 571.

---

[1] While Plaintiff originally raised a negligent misrepresentation claim, he did not defend this claim in response to Defendant's motion. As a result, he has abandoned it. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that failure to defend a claim in response to motion to dismiss "constituted abandonment").

### IV. LEAVE TO AMEND

A court may dismiss a complaint that fails to meet the pleading requirements but "should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). While Plaintiff has not previously amended his complaint, he does not request leave to amend in response to Defendant's dismissal motion. Indeed, Plaintiff, who is represented by able counsel, maintains that he has sufficiently pled his breach of contract claim and it is not subject to dismissal. *See* Doc. 20, *passim*. Therefore, it appears Plaintiff has pled his best case at this point. *See, e.g.*, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam) (holding that dismissal of even a *pro se* case with prejudice is appropriate if the court determines that the plaintiff has alleged his best case). Further, Plaintiff's lack of contractual standing cannot be cured by amendment. Thus, permitting (*sua sponte*) Plaintiff to amend his complaint would be futile, cause needless delay, and waste the Court's resources.

### V. CONCLUSION

For the foregoing reasons, Defendant's *Motion to Dismiss*, Doc. 14, should be **GRANTED**, and Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 21, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).