IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EARL OLIVER,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:23-CV-137-L-BK** | |
| § | | |
| **PENNYMAC LOAN SERVICES, LLC,** § | | |
| § | | |
| Defendant. § | | |

# ORDER

On February 21, 2024, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 24) was entered, recommending that the court grant Defendant's Motion to Dismiss (Doc. 14) and dismiss with prejudice, pursuant to Federal Rule of Civil Procedure 12(c), his breach of contract claim for lack of standing because he is not a signatory to the Note or Deed of Trust for the property at issue, and he is not a debtor within the meaning of the Texas Property Code.  In addition, the magistrate judge recommends that the court also dismiss with prejudice Plaintiff's only remaining claim for negligent misrepresentation, pursuant to Rule 12(c), because he abandoned this claim by not addressing it in response to Defendant's Motion to Dismiss. Report 4 n.1 (citing *Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that failure to defend a claim in response to motion to dismiss "constituted abandonment"). The magistrate judge further recommends that Plaintiff should not be allowed to amend his pleadings because he has not requested to amend, he maintains that his pleadings are adequate, his lack of standing cannot be cured, and permitting him to amend (*sua sponte*) would be futile, cause needless delay, and waste scarce judicial resources.  Plaintiff, who is represented by counsel, did not file objections to the Report, and the deadline for doing so has expired.

**Order – Page 1**

Having considered the Motion to Dismiss, pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendant's Motion to Dismiss (Doc. 14) and **dismisses with prejudice** all claims and relief alleged in this action by Plaintiff. For the reasons stated by the magistrate judge, the court agrees that Plaintiff should not be allowed to amend his pleadings. Plaintiff's decision to not defend his negligent misrepresentation in response to the Motion to Dismiss and Report also constitutes a waiver, which cannot be undone by reconsideration or amendment. *See United States v. Stanley*, 595 F. App'x 314, 317 (5th Cir. 2014) (concluding that a party's failure to raise an issue in response to a motion summary judgment is a waiver, and the subsequent filing of a motion for reconsideration does not abrogate the waiver). Moreover, amendment at this stage of the case would require a showing of good cause, which Plaintiff has not demonstrated.[*]

It is so ordered this 7th day of March, 2024.

Sam A. Lindsay
United States District Judge

---

[*] The pleading amendment deadline expired on September 21, 2023, before the court granted Defendant's Unopposed Motion to Abate all unexpired case deadlines on January 12, 2024. Thus, even if Plaintiff had requested to amend his pleadings, such request would be governed by Federal Rule of Civil Procedure 16(b). Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, the movant must first show "good cause" for its failure to meet the scheduling order deadline under Rule 16(b). *S&W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (internal quotation marks, brackets, and citations omitted). Plaintiff has not shown that the amendment deadline could not reasonably be met despite the exercise of diligence. Accordingly, as indicated, he has not demonstrated good cause for any pleading amendment.

**Order – Page 2**